FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 26 2025

TAMMY H. DOWNS, CLERK
By:_____
                    DEP CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

DEREK DEWAYNE SMITH,
Register No. 07655-579,
Petitioner,

v.                    Case No. 2:25-cv-00191-BSM-PSH

Humphrey
WARDEN, FCI FORREST CITY,
Respondent.

---

PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

(With Claim for Damages Arising from Miscalculation of FSA Credits)

This case assigned to District Judge Miller
and to Magistrate Judge Harris

---

## I. INTRODUCTION

Petitioner, Derek Dewayne Smith, respectfully petitions this Court for relief under 28 U.S.C. § 2241. The Bureau of Prisons ("BOP") has miscalculated and wrongfully disallowed earned time credits under the First Step Act ("FSA"), unlawfully extending Petitioner's incarceration. This Court should order recalculation, immediate transfer to prerelease custody, and damages for each day of unlawful detention.

---

## II. JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. § 2241, as Petitioner is confined within the Eastern District of Arkansas and challenges the execution of his sentence.

2. Ancillary jurisdiction permits this Court to award damages for constitutional violations arising from unlawful over-detention.

---

## III. FACTUAL BACKGROUND

1. Petitioner is incarcerated at FCI Forrest City, with a sentence commencement date of February 13, 2025.

2. From April 14, 2025 to September 8, 2025, Petitioner accrued 32 program days toward FSA time credits.

3. However, 115 program days were disallowed due to "missing needs assessments" and clerical/case management errors, not due to misconduct by Petitioner.

4. On August 7, 2025, Petitioner was improperly denied application of credits, preventing mandatory prerelease custody.

5. Proper application of credits would result in Petitioner's immediate transfer to prerelease custody (RRC or home confinement).

---

## IV. LEGISLATIVE BACKGROUND

1. The First Step Act of 2018 (Pub. L. 115-391, 132 Stat. 5194) was enacted to reduce unnecessary incarceration and promote rehabilitation.

2. Congress mandated in 18 U.S.C. § 3632(d)(4)(C) that time credits "shall be applied toward time in prerelease custody or supervised release."

3. The Senate Judiciary Committee Report (S. Rep. No. 115-439, at 4-6 (2018)) confirms Congressional intent that credits be applied promptly and without administrative delay.

4. BOP's failure to credit Petitioner's earned FTCs undermines both the statute and Congressional purpose.

---

## V. LEGAL ARGUMENT

### A. Statutory Grounds

18 U.S.C. § 3624(g) requires BOP to transfer eligible inmates to prerelease custody when credits equal or exceed the time remaining on their sentence.

18 U.S.C. § 3632(d)(4) makes application of FTCs mandatory.

### B. Case Law

Gonzalez v. Herrera, No. 24-2371 (9th Cir. 2025): BOP must apply FTCs immediately when they equal the balance of imprisonment.

Garcia v. B. Eischen, No. 24-CV-4106 (D. Minn. 2024): Miscalculated FTCs causing over-incarceration warrant habeas relief.

Bufkin v. Collins, 604 U.S. ___ (2025): SCOTUS held that the word "shall" means "must" - it is mandatory.

### C. Constitutional Grounds

Due Process Clause: Liberty cannot be arbitrarily denied by administrative error.

Eighth Amendment: Unlawful detention beyond the statutory maximum constitutes cruel and unusual punishment.

Separation of Powers: BOP may not override Congress's mandate regarding earned credits.

---

## VI. DAMAGES

1. Wrongful over-incarceration is compensable. See Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989).

2. Petitioner seeks:

Compensatory damages for each day of unlawful detention;

Punitive damages to deter systemic miscalculation of FSA credits by BOP.

---

## VII. CLAIM FOR RELIEF

Petitioner's FSA credits, when properly applied, mandate immediate prerelease custody. The BOP's refusal to honor these credits is unlawful, unconstitutional, and contrary to Congressional command.

---

## VIII. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1. Grant this Petition under 28 U.S.C. § 2241;

2. Order the BOP to immediately recalculate and apply all FSA credits, including the 115 program days wrongfully disallowed;

3. Direct Petitioner's immediate transfer to prerelease custody;

4. Award compensatory damages for each day of unlawful over-incarceration;

5. Award punitive damages against responsible officials; and

6. Grant any other relief this Court deems just and proper.

7. Combine the (already awarded) 90 days Second Chance Act days with the properly recalculated FSA Time Credits.

---

Respectfully submitted,

Derek Dewayne Smith
Reg. No. 07655-579
FCI Forrest City
Forrest City, AR

Date: 9/22/2025

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Petition was placed in the institutional mailing system at FCI Forrest City, with postage prepaid, and addressed to:

Clerk of Court
United States District Court
Eastern District of Arkansas

on this 22 day of Sept, 2025.

Derek Dewayne Smith
Pro Se Petitioner

#07655-579
FCC Forrest City (Low)
P.O. Box 9000
Forrext City, AR 72336

Clerk of court
600 W. Capitol Ave
A.149
Little Rock, AR 72201

