**FILED**
**U.S. DISTRICT COURT**
**EASTERN DISTRICT ARKANSAS**

SEP 2 6 2025

TAMMY H. DOWNS, CLERK

By:_____

CEP CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

DEREK DEWAYNE SMITH,
Register No. 07655-579,
Petitioner,

v. Case No. 2:25-cv-00191-BSM-PSH

WARDEN, FCI FORREST CITY,
Respondent.

MEMORANDUM OF LAW IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

I. INTRODUCTION

This memorandum is submitted in support of Petitioner's § 2241 petition. The Bureau of Prisons ("BOP") has unlawfully denied Petitioner the benefit of earned First Step Act ("FSA") time credits. By disallowing 115 program days due to case management errors, rather than misconduct, the BOP has failed to comply with both the letter and spirit of the FSA. This Court should order immediate recalculation of credits, transfer to prerelease custody, and damages for unlawful over-incarceration.

II. STATUTORY FRAMEWORK

18 U.S.C. § 3632(d)(4)(A) provides that eligible prisoners "shall earn time credits" for successful participation in evidence-based recidivism reduction programs or productive activities.
18 U.S.C. § 3632(d)(4)(C) mandates that earned credits "shall be applied toward time in prerelease custody or supervised release."
18 U.S.C. § 3624(g) requires the BOP to transfer eligible inmates to prerelease custody when credits equal or exceed the remainder of the sentence.
Congress's use of the term "shall" demonstrates a mandatory duty, not discretionary authority.
III. LEGISLATIVE INTENT

Congress enacted the First Step Act of 2018 (Pub. L. 115-391, 132 Stat. 5194) to reduce unnecessary incarceration and ensure prompt application of earned time credits.
The Senate Judiciary Committee emphasized that the FSA would "require the BOP to reduce time in prison for those who successfully complete recidivism reduction programming". S. Rep. No. 115-439, at 4 6 (2018).
Legislative history confirms that Congress intended credits to be applied automatically and without delay, as a mechanism to lower recidivism and ensure fairness.
IV. ARGUMENT

A. BOP's Failure to Apply Earned Credits Is Contrary to Law

Petitioner accrued 32 program days but was denied 115 days due to "missing assessments" a clerical failure outside his control.
The FSA requires that credits be awarded for successful participation, not withheld for administrative errors.
Denial of credits based on case management mistakes directly contradicts 18 U.S.C. §§ 3632(d)(4) and 3624(g).
B. Case Law Supports Habeas Relief

Gonzalez v. Herrera, No. 24-2371 (9th Cir. 202 ): The Ninth Circuit held that BOP must apply FTCs immediately when they equal or exceed the balance of imprisonment.
Garcia v. B. Eischen, No. 24-CV-4106 (D. Minn. 202 ): The District of Minnesota granted relief where the BOP's failure to apply FTCs caused over-incarceration.
Bufkin v. Collins, 604 U.S. ___ (2025): The Supreme Court held that "shall" means "must."

C. Constitutional Violations

Due Process: Liberty interests created by statute cannot be arbitrarily denied. By miscalculating credits, the BOP deprived Petitioner of his statutory right to early release.

Eighth Amendment: Incarceration beyond the statutory maximum constitutes cruel and unusual punishment.

Separation of Powers: By refusing to follow Congressional mandates, the BOP unlawfully usurps legislative authority.

D. Damages for Unlawful Over-Incarceration

Over-detention caused by miscalculated credits gives rise to compensatory damages. See Sample v. Diecks, 885 F.2d 1099, 1110 (3d Cir. 1989).

Damages may be awarded under Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), where federal officials violate constitutional rights.

Each day of unlawful custody is a distinct injury warranting compensation and punitive damages to deter systemic violations.

V. CONCLUSION

The statutory language, legislative history, and case law all confirm that Petitioner's FSA credits must be applied immediately toward prerelease custody. The BOP's refusal to apply credits wrongfully disallows 115 program days, extends incarceration unlawfully, and violates constitutional rights.

RELIEF REQUESTED

For the reasons stated, Petitioner respectfully requests that this Court:

Grant the § 2241 petition;

Order the BOP to recalculate and apply all earned FSA credits, including the 115 days improperly disallowed;

Direct Petitioner's immediate transfer to prerelease custody;

Award compensatory and punitive damages for each day of unlawful over-incarceration; and

Grant such other relief as this Court deems just and proper.

Respectfully submitted,

Derek Dewayne Smith
Reg. No. 07655-579
FCI Forrest City
Forrest City, AR

Date: 9/22/2025

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

DEREK DEWAYNE SMITH,
Register No. 07655-579,
Petitioner,

v. Case No. _____

Humphrey
WARDEN, FCI FORREST CITY,
Respondent.

NOTICE OF FILING EXHIBITS

Petitioner Derek Dewayne Smith, appearing pro se, respectfully submits the following exhibits in support of his Petition for Writ
of Habeas Corpus under 28 U.S.C. § 2241:

Exhibit A: Projected First Step Act Credit Table
Exhibit B: Summary of Controlling and Persuasive Authorities
Exhibit C: Legislative History and Congressional Intent of the First Step Act
Exhibit D: Administrative Remedies / TEAM Douments / TRULINCS correspondence
These exhibits are attached hereto and incorporated by reference into the Petition and supporting Memorandum.

Respectfully submitted,

Derek Dewayne Smith
Reg. No. 07655-579
FCI Forrest City
Forrest City, AR

Date: 9/22/2025

FCC Forrest City (Low)
P.O. Box 9000
Forrest City, AR 72336

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

DEREK DEWAYNE SMITH,
Register No. 07655-579,
Petitioner,

v. Case No. _____

WARDEN, FCI FORREST CITY,
Respondent.

EXHIBIT A

Projected First Step Act Credit Accumulation and Adjusted Release Date

This exhibit provides a month-by-month projection of Petitioner's First Step Act (FSA) earned time credits, including credits already earned and credits wrongfully disallowed due to case management error.

The table demonstrates:

Petitioner's expected 15 days per month of credits for continued participation in eligible programming;
The cumulative total credits when including 32 days already earned and 115 days wrongfully disallowed;
The resulting adjusted projected release date each month if credits are properly applied.
This evidence supports Petitioner's claim that the Bureau of Prisons' miscalculation unlawfully extends his incarceration, contrary to the First Step Act and controlling precedent.

Respectfully submitted,

Derek Dewayne Smith
Reg. No. 07655-579
FCI Forrest City
Forrest City, AR

Date: 9/22/2025

As of Sept 19, 2025 - 291; Expected Earn days 295.

FSA FTC Expected to Earn

2025                 April 14 FTC Started

10 Day Factor
April – May      10
May – June      10          } 40
June – July      10
July – August   10

15 Day Factor
Aug – Sept 15
Sept – Oct 15    } 75
Oct – Nov 15
Nov – Dec 15
Dec – Jan 15

2nd Assessment
Started earning
15 Days 8/10
After 8/7 team

2026

Jan – Feb    15
Feb – Mar    15
Mar – April  15    } 90
April – May  15
May – June   15
June – July  15

40
75
90
205
90 JCA
295

Time Till Release (Days in Month)

2025
Sept  11
Oct   31
Nov   30
Dec   31
103

2026 Jan  31
Feb   28
March 31
April 30
May   31
June  30
July   7
188

188
103
291

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

DEREK DEWAYNE SMITH,
Register No. 07655-579,
Petitioner,

v. Case No. _____

WARDEN, FCI FORREST CITY,
Respondent.

EXHIBIT B

Summary of Controlling and Persuasive Authorities

1. Gonzalez v. Herrera, No. 24-2371 (9th Cir. 202 5)

Holding: The Ninth Circuit held that the Bureau of Prisons must apply earned First Step Act time credits immediately when they equal or exceed the remainder of the prisoner's sentence.
Relevance: Confirms that the BOP may not delay application of credits, and prisoners are entitled to mandatory prerelease custody once credits reduce the sentence to zero balance.
2. Garcia v. B. Eischen, No. 24-CV-4106 (D. Minn. 2025)

Holding: The District of Minnesota granted habeas relief where BOP miscalculated FSA credits, finding that over-incarceration due to misapplied credits violates federal law.
Relevance: Demonstrates that habeas corpus is the proper vehicle to remedy BOP miscalculation of credits and prevent unlawful detention.
3. Bufkin v. Collins, 604 U..S. ___ (2025) SCOTUS held that "shall" means "must."

Holding: The Word "Shall" means "must" - it is mandtory, the Supreme Court held
Relevance: When congress wrote FSA and used the word "shall", it was meant to be a mandatory command.
Conclusion

These cases, taken together, establish that:

Earned FSA credits must be applied promptly and without administrative delay (Gonzales).
Habeas relief is appropriate to correct BOP miscalculation of credits (Garcia).
Incarceration beyond the lawful release date violates constitutional protections (Bufkin).
Respectfully submitted,

Derek Dewayne Smith
Reg. No. 07655-579
FCI Forrest City
Forrest City, AR
Date: 9/22/2025

.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF ARKANSAS

DEREK DEWAYNE SMITH,
Register No. 07655-579,
Petitioner,

v. Case No. _____

WARDEN, FCI FORREST CITY,
Respondent.

EXHIBIT C

Legislative History and Congressional Intent of the First Step Act

1. First Step Act of 2018 (Pub. L. 115-391, 132 Stat. 5194)

Enacted on December 21, 2018, the FSA was designed to reduce unnecessary incarceration, incentivize rehabilitation, and ensure that eligible prisoners earn and apply credits toward prerelease custody or supervised release.
18 U.S.C. § 3632(d)(4)(C): provides that earned credits "shall be applied toward time in prerelease custody or supervised release."
The use of "shall" reflects Congressional intent that application of credits is mandatory, not discretionary.
2. Senate Judiciary Committee Report (S. Rep. No. 115-439, at 4 6 (2018))

The Committee explained that the FSA would:
"Require the BOP to reduce time in prison for those who successfully complete recidivism reduction programming";
Ensure that incentives are "meaningful and automatic" to encourage consistent participation;
Mandate that credits be promptly applied toward prerelease custody.
3. Congressional Findings and Policy Goals

Congress emphasized that the Act was intended to:
Lower recidivism rates by incentivizing program participation;
Reduce overcrowding in prisons;
Ensure fairness by guaranteeing that all eligible inmates receive the benefit of earned credits without delay.
4. Legislative Intent Applied to Petitioner's Case

Denying Petitioner 115 days of earned credits due to case management error directly contradicts Congressional intent.
The FSA was structured to prevent precisely this type of administrative failure from depriving inmates of liberty.
Congress mandated automatic application of credits to ensure that earned liberty is not lost due to clerical oversight.
Conclusion

The legislative history makes clear:

Earned FSA credits must be applied promptly and automatically;
Administrative delay or error cannot justify denial of credits;
Congress intended that liberty earned through programming be protected and enforced through judicial oversight when necessary.
Respectfully submitted,

Derek Dewayne Smith
Reg. No. 07655-579
FCI Forrest City
Forrest City, AR

Date: 9/22/2025

Exhibit
D



**U.S. Department of Justice**
**Federal Bureau of Prisons**

---

**FOR IMMEDIATE RELEASE**
July 14, 2025

Contact: Office of Public Affairs
202-514-6551

### Federal Bureau of Prisons Launches FSA Task Force

**WASHINGTON, D.C.:** The Federal Bureau of Prisons (BOP or Bureau) today announced the creation of the FSA Task Force, a strategic team initiative designed to expedite the transfer of eligible inmates to home confinement while directly supporting agency staff who have been unfairly burdened by outdated data systems.

The announcement is a direct response to feedback received by Director William K. Marshall III during recent visits to Bureau institutions, where he met face-to-face with staff and inmates.

*"Staff were taking the blame for delays they didn't cause,"* said Director Marshall. *"They told me their systems weren't always showing the right dates. Inmates and their families assumed they were ignoring my directive. That wasn't true for the vast majority of our staff. We have dedicated professionals who want to do the right thing and simply needed the right tools and information to do their jobs. Thanks to President Trump's leadership and the One Big Beautiful Bill Act, we will be able to provide those needed tools. But let me be absolutely clear – where we find that 1% who weren't doing their jobs with integrity, we will find them and hold them accountable because accountability goes both ways."*

The FSA Task Force, based at the Bureau's Designation and Sentence Computation Center (DSCC), will work in tandem with Residential Reentry Management (RRM) offices to ensure timely home confinement placements under the First Step Act (FSA) and Second Chance Act (SCA). While long-term technical updates continue, this manual intervention is designed to deliver immediate relief.

Specifically, the task force will:

- Identify inmates currently in Residential Reentry Centers (RRCs) who are eligible for home confinement;
- Manually calculate home confinement placement dates which "stacks" both the FSA and SCA;
- Provide these dates to RRM offices to facilitate faster transitions;
- Review additional incarcerated individuals within institutions who may also qualify.

*"This is a win for everyone,"* said Rick Stover, Senior Deputy Assistant Director at DSCC.

*"Inmates are returning to their communities sooner. Staff are no longer forced to rely on flawed data. And we're freeing up RRC beds for others who are waiting."*

The initiative is part of Director Marshall's broader strategy of "Leadership in Action," which has included institutional walk-throughs, direct engagement with frontline staff, and timely operational changes based on what he hears.

*"Leadership is about showing up, listening, and doing something about what you hear,"* said Director Marshall. *"That's how we're building trust; not just with the public, but within our staff. When the majority of our employees are supported and empowered, our entire system runs better. And where misconduct exists, we will root it out. That's the Bureau of Prisons I'm committed to building."*

###



**U.S. Department of Justice**
**Federal Bureau of Prisons**

**FOR IMMEDIATE RELEASE**
June 17, 2025

Contact: Office of Public Affairs
202-514-6551

### Bureau of Prisons Issues Directive to Fully Implement First Step Act and Second Chance Act

**WASHINGTON, DC** - In order to restore integrity and fiscal responsibility to the federal prison system, the Bureau of Prisons (BOP) today issued a policy memorandum to staff directing the robust and comprehensive implementation of both the *First Step Act of 2018* and the *Second Chance Act of 2008*—two bipartisan cornerstones of modern criminal justice reform.

"This is the dawn of a new era, one in which the Bureau of Prisons will realize the full potential of the First Step Act and Second Chance Act," said BOP Director William K. Marshall III. "The comprehensive policy outlined today will eliminate barriers to maximize the availability of home confinement to those who qualify for community release under the First Step Act and Second Chance Act. This change in policy will fully operationalize the laws as intended by Congress and ensure a smoother transition for many individuals to return to productive lives after incarceration."

The new policy announced today will have immediate and meaningful benefits. It will:

- **Avoid wasting millions of taxpayer dollars** on unnecessary incarceration,
- **Reduce strain on prison bedspace and staffing,** and
- **Eliminate prolonged and unnecessary burdens on inmates and their families**— particularly those with stable home environments and strong community ties.

The new directive ensures that:

- **FSA Earned Time Credits and SCA eligibility will be treated as cumulative and stackable,** allowing qualified individuals to serve meaningful portions of their sentences in home confinement when appropriate.
- **Conditional Placement Dates**—based on projected credit accrual and statutory timelines— will drive timely referrals, not bureaucratic inertia.
- **Stable housing and community reintegration readiness,** not past employment, will guide placement decisions.
- **RRC bed capacity limitations will not be a barrier to Home Confinement** when an individual is statutorily eligible and appropriate for such placement.

Director Marshall continued: "This action marks a bold shift from years of inaction toward a policy rooted in **public safety, fiscal responsibility, and second chances**. By empowering the agency to release more people who are ready to return to society, we not only save taxpayer dollars, we strengthen families, ease overcrowding, and build safer communities."

###

... OF INFORMAL RESOLUTION ATTEMPT

Bureau of Prisons Program Statement No. 1330.13, Administrative Remedy Program, (December 22, 1995), requires, in most cases, that inmates attempt informal resolution of grievances prior to filing a formal written complaint. This form shall be used to document your efforts towards informally resolving your grievance.

Inmate=s Name: ___Derek Smith_____    Date: 9/11/25

Register Number: __07655-579_____    Unit: ___Wynne - A___

Specific Complaint and Requested Relief: The purpose of this BP-8 is to secure immediate placement in a Halfway House or Home Confinement. I should have left this compound a month ago (August) and I remain here due to administrative mistakes or negligence. Documentation shows increasing FTC accrual for me each month (particularly June & July). Suddenly, in August, I was (FOR NO REASON) "disallow[ed]" 115 days. On that same day my Unit Team recommended, in writing (on my Team paperwork) that I "apply for a job" (which I ALREADY HAVE a job ... listed at the top of my Team paperwork), and that enroll in classes (that I have ALREADY COMPLETED, or currently enrolled in). I am not interested in "how" this happened. I simply require that the days are returned to me that I have legally accrued, and that I am immediately transitioned to a Halfway House, or Home Confinement.

Efforts Made By Inmate to Informally Resolve Grievance (be specific): ___I have spoken, repeatedly to my Unit Team and CMC.___

_____

_____

_____

_____

Counselor=s Comments: _____

_____

_____

_____

_____        _____
Correctional Counselor=s Review Date        Unit Manger=s Review Date

DATE BP-9 was ISSUED_____

**U.S. DEPARTMENT OF JUSTICE**
Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY**

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

From: Derek Smith _____ 07655-579 _____ W-A _____ FOR
LAST NAME, FIRST, MIDDLE INITIAL    REG. NO.    UNIT    INSTITUTION

**Part A– INMATE REQUEST** The purpose of this BP-9 is to secure immediate placement in a Halfway House or Home Confinement. Documentation shows increasing FTC accrual for me each month (particularly June & July). Suddenly, in August, I was (FOR NO REASON) "disallowed" 115 days. On that SAME day my Unit Team recommended, in writing (on my Team paperwork) that I "apply for a job" (which I already HAVE a job), and that I enroll in classes (that I have already completed, or are currently enrolled in). I am not asking, nor interested in, "How" this happened. I simply require that the days are returned to me that I have legally accrued, and that I am immediately transitioned to a Halfway House or Home Confinement.

_____          _____
DATE                              SIGNATURE OF REQUESTER

**Part B– RESPONSE**

_____          _____
DATE                              WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE**                    CASE NUMBER: _____

                                                  CASE NUMBER: _____

**Part C– RECEIPT**

Return to: _____
            LAST NAME, FIRST, MIDDLE INITIAL    REG. NO    UNIT    INSTITUTION

SUBJECT: _____

_____          _____
DATE                              RECIPIENT'S SIGNATURE (STAFF MEMBER)

BP–229(13)



| | | **Individualized Needs Plan - Program Review**    **(Inmate Copy)** | | **SEQUENCE: 02198045** |
|---|---|---|---|---|
| | | Dept. of Justice / Federal Bureau of Prisons | | **Team Date: 08-04-2025** |
| | | Plan is for inmate: SMITH, DEREK DEWAYNE  07655-579 | | |

| | | | | |
|---|---|---|---|---|
| Facility: | FOR FORREST CITY FCI | | Proj. Rel. Date: | 07-07-2026 |
| Name: | SMITH, DEREK DEWAYNE | | Proj. Rel. Mthd: | GOOD CONDUCT TIME |
| Register No.: | 07655-579 | | DNA Status: | HOU33997 / 12-26-2019 |
| Age: | 39 | | | |
| Date of Birth: | 03-20-1986 | | | |

**Detainers**

| Detaining Agency | Remarks |
|---|---|

*NO DETAINER*

**Inmate Photo ID Status**

| No photo ID - Expiration: null |
|---|

**Current Work Assignments**

| Facl | Assignment | Description | Start | |
|---|---|---|---|---|
| FOR | F EDUC AM | ORDERLY | 04-22-2025 | *GED Tutor* |

**Current Education Information**

| Facl | Assignment | Description | Start |
|---|---|---|---|
| FOR | ESL HAS | ENGLISH PROFICIENT | 08-20-2021 |
| FOR | GED HAS | COMPLETED GED OR HS DIPLOMA | 09-09-2021 |

**Education Courses**

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| FOR | | U.S. HISTORY | 07-30-2025 | CURRENT |
| FOR | | FOUNDATIONS OF WEST CIV PT 1 | 07-30-2025 | CURRENT |
| FOR | C | LAW SCHOOL FOR EVERYONE PART 2 | 05-01-2025 | 07-12-2025 |
| FOR | C | SCIENCE PAST FUTURE 6-8P R | 05-01-2025 | 07-12-2025 |
| FOM | C | ACE ENTREPRENEURSHIP - BUS OWN | 04-04-2022 | 06-06-2022 |
| FOM | C | ACE GEOMETRY 6-8P M | 10-20-2021 | 03-22-2022 |
| FOM | C | GETTING THE JOB YOÚ LIKE SELFP | 02-10-2022 | 02-17-2022 |
| FOM | C | RPP RESUME WRITING SELF PACE | 12-02-2021 | 12-08-2021 |
| FOM | C | COMMUNICATION SKILLS SELF PACE | 12-02-2021 | 12-08-2021 |
| FOM | C | COUNTDOWN TO FREEDOM SELF | 11-04-2021 | 11-16-2021 |
| FOM | C | RPP JOB SEARCH SELF PACE | 10-21-2021 | 10-28-2021 |
| FOM | C | RPP ACCOUNTING SELF PACE | 10-07-2021 | 10-14-2021 |
| FOM | C | 21ST CENTURY EMPLOYABILITY | 10-07-2021 | 10-14-2021 |
| FOM | C | STINKING THINKING | 09-30-2021 | 10-06-2021 |
| FOM | C | PREPARING FINANCIAL FUTURE | 09-14-2021 | 09-24-2021 |

**Discipline History (Last 6 months)**

| Hearing Date | Prohibited Acts |
|---|---|

*** NO INCIDENT REPORTS FOUND IN LAST 6 MONTHS ***

**Current Care Assignments**

| Assignment | Description | Start |
|---|---|---|
| CARE1-MH | CARE1-MENTAL HEALTH | 08-31-2021 |
| CARE2 | STABLE, CHRONIC CARE | 12-16-2021 |

**Current Medical Duty Status Assignments**

| Assignment | Description | Start |
|---|---|---|
| C19-T NEG | COVID-19 TEST-RESULTS NEGATIVE | 11-19-2021 |
| LOWER BUNK | LOWER BUNK REQUIRED | 04-14-2025 |
| NO PAPER | NO PAPER MEDICAL RECORD | 04-14-2025 |
| REG DUTY | NO MEDICAL RESTR–REGULAR DUTY | 04-18-2025 |
| YES F/S | CLEARED FOR FOOD SERVICE | 04-18-2025 |

**Current Drug Assignments**

| Assignment | Description | Start |
|---|---|---|
| ED WAIT RV | DRUG EDUCATION WAIT-RQ VIOLAT | 05-07-2025 |

*TEAMED   8/17/25*



**Individualized Needs Plan - Program Review    (Inmate Copy)**
Dept. of Justice / Federal Bureau of Prisons
Plan is for inmate: SMITH, DEREK DEWAYNE  07655-579

SEQUENCE: 02198045
Team Date: 08-04-2025

| Assignment | Description | Start |
|---|---|---|
| NR PART | NRES DRUG COUNSEL PARTICIPANT | 07-11-2025 |

**FRP Payment Plan**

Most Recent Payment Plan

**FRP Assignment:    COMPLT    FINANC RESP-COMPLETED        Start: 10-14-2021**

Inmate Decision:  **AGREED        $100.00**        Frequency: **SINGLE**
Payments past 6 months:    **$0.00**        Obligation Balance: **$0.00**

**Financial Obligations**

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $100.00 | $0.00 | IMMEDIATE | COMPLETEDZ |

** NO ADJUSTMENTS MADE IN LAST 6 MONTHS **

**FRP Deposits**

Trust Fund Deposits - Past 6 months:   $313.03        Payments commensurate ?   Y

New Payment Plan:   ** No data **

**Current FSA Assignments**

| Assignment | Description | Start |
|---|---|---|
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 05-07-2025 |
| N-ANGER Y | NEED - ANGER/HOSTILITY YES | 05-19-2021 |
| N-ANTISO Y | NEED - ANTISOCIAL PEERS YES | 09-13-2021 |
| N-COGNTV Y | NEED - COGNITIONS YES | 09-13-2021 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 04-15-2025 |
| N-FIN PV N | NEED - FINANCE/POVERTY NO | 05-14-2025 |
| N-FM/PAR Y | NEED - FAMILY/PARENTING YES | 05-19-2021 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 04-12-2025 |
| N-MEDICL N | NEED - MEDICAL NO | 04-14-2025 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 04-14-2025 |
| N-TRAUMA N | NEED - TRAUMA NO | 08-31-2021 |
| N-WORK Y | NEED - WORK YES | 04-24-2025 |
| R-LW | LOW RISK RECIDIVISM LEVEL | 05-07-2025 |

*(handwritten) Surveys Completed*

**Progress since last review**

Since last review inmate Smith has completed LAW SCHOOL FOR EVERYONE, and SCIENCE PAST FUTURE.

**Next Program Review Goals**

Unit team recommends that you apply for a job in UNICOR to assist with your work need.

**Long Term Goals**

Unit Team recommends that you enroll in Anger Management through the Psychology Department to assist with your Anger/Hostility need by 08-26. *(handwritten) 22.*

**RRC/HC Placement**

Recommended Placement in a range between 1-90 days.
Consideration has been given for Five Factor Review (Second Chance Act):
- Facility Resources
- Offense
- Prisoner
- Court Statement
- Sentencing Commission

*(handwritten) 90*

**Comments**

Seek counseling from Psychology staff for any mental health concerns. Report to sick call in the Health Services Department for minor medical concerns. Maintain clear conduct and good cell sanitation in accordance with policy. Maintain contact with family members via TRUFONE, TRULINCS, and/or visits to strengthen family ties/support.

*(handwritten) Was Already Enrolled in 2 FSA Anger Management Classes and Working as tutor in GED (Education) Dept*

## FSA Time Credit Assessment
Register Number:07655-579, Last Name:SMITH

### U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

```
Register Number....: 07655-579          Responsible Facility: FOR
Inmate Name                             Assessment Date.....: 09-08-2025
  Last.............: SMITH              Period Start/Stop...: 04-14-2025 to 09-08-2025
  First............: DEREK              Accrued Pgm Days....: 32
  Middle...........: DEWAYNE            Disallowed Pgm Days.: 115
  Suffix...........:                    FTC Towards RRC/HC..: 15
Gender.............: MALE               FTC Towards Release.: 0
Start Incarceration: 02-13-2025         Apply FTC to Release: No
```

--- FTC Claim Status -------------------------------------------------------------
```
Start        Stop        Pgm Status   Pgm Days
04-14-2025   09-08-2025  accrue       32
                         disallow     115
  Cannot apply FTC(s) towards early release.
  No term of supervision
```
--- Program Day Intervals ---------------------------------------------------------
```
Start        Stop        Pgm Status   Pgm Days
04-14-2025   08-07-2025  disallow     115
  Missing needs assessment(s).
    Anger/Hostility
    Antisocial Peers
    Cognitions
```
*(handwritten: 8/7/25  Ramsey Team)*

----------------------------------------------------------------------------------
```
Start        Stop        Pgm Status   Pgm Days
08-07-2025   08-10-2025  accrue       3
  Accrued Pgm Days...: 3
  Carry Over Pgm Days: 0
  Time Credit Factor.: 10
  Time Credits.......: 0
```
----------------------------------------------------------------------------------
```
Start        Stop        Pgm Status   Pgm Days
08-10-2025   09-08-2025  accrue       29
  Accrued Pgm Days...: 29
  Carry Over Pgm Days: 3
  Time Credit Factor.: 15
  Time Credits.......: 15
```
--- FSA Assessment(s) -------------------------------------------------------------
```
#    Start        Stop        Assignment   Asn Start         Factor
001  04-14-2025   05-12-2025  R-LW         05-07-2025 13:01  10
002  05-12-2025   08-10-2025  R-LW         05-07-2025 13:01  10
003  08-10-2025   11-08-2025  R-LW         08-07-2025 13:50  15
```
*(handwritten annotations: "10", "due to dts", "30 attaw ferraed", "LS From going back")*

----------------------------------------------------------------------------------
```
09-08-2025                              (1)                 Assessment# -2143188068
```

**FSA Time Credit Assessment**

Register Number:07655-579, Last Name:SMITH

U.S. DEPARTMENT OF JUSTICE                                    FEDERAL BUREAU OF PRISONS

Aug M
Team Date

Enrolled FSA
Mid May - Aug 19
Enrolled
May - Aug 19

Aug 19
Completed faith
Anger
Anger
Cognitions

## FSA Time Credit Assessment
**Register Number:07655-579, Last Name:SMITH**

U.S. DEPARTMENT OF JUSTICE                    FEDERAL BUREAU OF PRISONS

--- Best Case Scenario - Conditional Pre-release Planning & Preparation Only -----------------
All conditional days and conditional dates below are the individual's best case scenario
given the individual's FSA/FTC status and best case Second Chance Act (SCA) days as of
09-08-2025. These dates can change if there are changes to one or more of the following: the
individuals FSA risk, FSA opt-in/opt-out status, or best case SCA days.

SCA DAYS ARE NOT GUARANTEED AND REQUIRE AN INDIVIDUALIZED ASSESSMENT! THEREFORE, IF A DEFAULT
OF 0 DAYS IS REFLECTED, THIS DATE IS SUBJECT TO CHANGE BASED ON THE REQUIRED FIVE-FACTOR
REVIEW UNDER 18 USC SEC. 3621(B). AN INDIVIDUAL WHO HAS PENDING CHARGES/DETAINERS ARE NOT
ELIGIBLE FOR SCA TIME. THE FIVE-FACTOR REVIEW INVOLVES THE FOLLOWING: (1)THE RESOURCES OF THE
FACILITY CONTEMPLATED; (2) THE NATURE AND CIRCUMSTANCES OF THE OFFENSE; (3) THE HISTORY AND
CHARACTERISTICS OF THE PRISONER; (4) ANY STATEMENT BY THE COURT THAT IMPOSED THE SENTENCE:
(a)CONCERNING THE PURPOSES FOR WHICH THE SENTENCE TO IMPRISONMENT WAS DETERMINED TO BE
WARRANTED; OR (b) RECOMMENDING A TYPE OF PENAL OR CORRECTIONAL FACILITY AS APPROPRIATE; AND
(5) ANY PERTINENT POLICY STATEMENT ISSUED BY THE U.S. SENTENCING COMMISSION.
---
Projected Release Date: 07-07-2026
Projected Release Method: GCT REL
FSA Projected Release Date: N/A
FSA Projected Release Method: N/A
FSA Conditional Release Date: N/A
SCA Recommended Placement Days (Following 5 Factor Review): 90
SCA Recommended Placement Date: 04-08-2026
SCA Max. Statutory HC Placement Days if appropriate (lesser of 6 months/10%): 72
FSA Conditional Placement Days: 105
FSA Conditional Placement Date: 03-24-2026
Conditional Transition To Community Date: 12-24-2025   *−115 = Aug 31, 25*   *8/31/2025*
Max. Statutory HC Placement Date (if approp.): 01-11-2026
Recommended HC Placement Date (if approp.): 01-11-2026

**FSA Time Credit Assessment**
Register Number:07655-579, Last Name:SMITH

**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

```
Register Number....: 07655-579          Responsible Facility: FOR
Inmate Name                             Assessment Date.....: 07-25-2025
   Last..............: SMITH            Period Start/Stop...: 04-14-2025 to 07-25-2025
   First.............: DEREK            Accrued Pgm Days....: 102
   Middle............: DEWAYNE          Disallowed Pgm Days.: 0
   Suffix............:                  FTC Towards RRC/HC..: 30
Gender..............: MALE              FTC Towards Release.: 0
Start Incarceration: 02-13-2025         Apply FTC to Release: No
```

--- FTC Claim Status ---------------------------------------------------------------
```
Start       Stop        Pgm Status  Pgm Days
04-14-2025  07-25-2025  accrue      102
                        disallow    0
   Cannot apply FTC(s) towards early release.
   No term of supervision
```
--- Program Day Intervals -----------------------------------------------------------
```
Start       Stop        Pgm Status  Pgm Days
04-14-2025  07-25-2025  accrue      102
   Accrued Pgm Days...: 102
   Carry Over Pgm Days: 0
   Time Credit Factor.: 10
   Time Credits.......: 30
```
--- FSA Assessment(s) ----------------------------------------------------------------
```
#    Start        Stop        Assignment   Asn Start       Factor
001  04-14-2025  05-12-2025   R-LW         05-07-2025 13:01  10  15
002  05-12-2025  08-10-2025   R-LW         05-07-2025 13:01  10  45
```

## FSA Time Credit Assessment
Register Number:07655-579, Last Name:SMITH

**U.S. DEPARTMENT OF JUSTICE**                    **FEDERAL BUREAU OF PRISONS**

--- **Best Case Scenario - Conditional Pre-release Planning & Preparation Only** -----------------
**All conditional days and conditional dates below are the individual's best case scenario
given the individual's FSA/FTC status and best case Second Chance Act (SCA) days as of
07-25-2025. These dates can change if there are changes to one or more of the following: the
individuals FSA risk, FSA opt-in/opt-out status, or best case SCA days.**

**SCA DAYS ARE NOT GUARANTEED AND REQUIRE AN INDIVIDUALIZED ASSESSMENT! THEREFORE, IF A DEFAULT
OF 0 DAYS IS REFLECTED, THIS DATE IS SUBJECT TO CHANGE BASED ON THE REQUIRED FIVE-FACTOR
REVIEW UNDER 18 USC SEC. 3621(B). AN INDIVIDUAL WHO HAS PENDING CHARGES/DETAINERS ARE NOT
ELIGIBLE FOR SCA TIME. THE FIVE-FACTOR REVIEW INVOLVES THE FOLLOWING: (1)THE RESOURCES OF THE
FACILITY CONTEMPLATED; (2) THE NATURE AND CIRCUMSTANCES OF THE OFFENSE; (3) THE HISTORY AND
CHARACTERISTICS OF THE PRISONER; (4) ANY STATEMENT BY THE COURT THAT IMPOSED THE SENTENCE:
(a)CONCERNING THE PURPOSES FOR WHICH THE SENTENCE TO IMPRISONMENT WAS DETERMINED TO BE
WARRANTED; OR (b) RECOMMENDING A TYPE OF PENAL OR CORRECTIONAL FACILITY AS APPROPRIATE; AND
(5) ANY PERTINENT POLICY STATEMENT ISSUED BY THE U.S. SENTENCING COMMISSION.**
---

Projected Release Date: 07-07-2026
Projected Release Method: GCT REL
FSA Projected Release Date: N/A
FSA Projected Release Method: N/A
FSA Conditional Release Date: N/A
SCA Recommended Placement Days (Following 5 Factor Review): 0*
SCA Recommended Placement Date: N/A*
SCA Max. Statutory HC Placement Days if appropriate (lesser of 6 months/10%): 72*
FSA Conditional Placement Days: 100
FSA Conditional Placement Date: 03-29-2026
Conditional Transition To Community Date: 03-29-2026*
Maximum Statutory Home Confinement Placement Date (if appropriate): 01-16-2026
Recommended Home Confinement Placement Date (if appropriate): 03-29-2026
**\*Default SCA conditional placement days. This requires a 5 Factor Review!**

Parties in Email Communization

Brooks-Smith — Special Population Coordinator
- Handles FSA Classes
- Background in FSA training

Peterson — CMC; Case Management Coordinator
- ~~Need of Case~~

Dr Boyles Head Psychology Dept

Hellaire
- Associate Warden

## TRULINCS 07655579 - SMITH, DEREK DEWAYNE - Unit: FOR-W-A

------------------------------------------------------------------------------------------------------

FROM: 07655579
TO: FOR Special Population Coordinator
SUBJECT: ***Request to Staff*** SMITH, DEREK, Reg# 07655579, FOR-W-A
DATE: 09/10/2025 11:15:04 AM

To: Brooks-Smith
Inmate Work Assignment: Education

Ms. Brooks-Smith,
Per our conversation, I am just sending you an email to reply to once you found out anything about them reinstating the 115 days I'm due.
-----SMITH, DEREK DEWAYNE on 9/10/2025 8:29 AM wrote:

>

Mrs. Peterson,
   Please see the email communication below between psychology and Brooks-Smith. I included them as I am currently in Anger Management with Smith and have already completed Faith Based Anger Management.
   My surveys were reset on 8/7/25 to show the assessments were for missing for the need I was currently enrolled in. I had/have completed the Faith Based Anger which was 12 weeks and am currently in Brooks-Smith Anger which is 16 weeks. I have continually programmed.
   When the 115 days gets reinstated/corrected it will show my transition date as last month. Vanlandingham is working on my halfway house things today and I dont know if he's working it up to be entered as now with proper credit earned or the incorrect date that's showing with the disallow date out in Decemeber 25. Is there any update on getting this fixed?
-----FOR Special Population Coordinator on 9/9/2025 12:12 PM wrote:

>

When I spoke to UM Walton yesterday, we went into the system together and didn't see any refusals for you.  I spoke to him today and he said he has sent your info to the CMC who is also the FSA Coordinator for review and to determine what the issue is, since we didn't see the issue.

_____
From: ~^! SMITH, ~^!DEREK DEWAYNE <07655579@inmatemessage.com>
Sent: Tuesday, September 9, 2025 10:38 AM
Subject: ***Request to Staff*** SMITH, DEREK, Reg# 07655579, FOR-W-A

To: Brooks-Smith
Inmate Work Assignment: Education

Ms. Brooks-Smith,
Please see response below from Psychology.
On 8/7/25 FSA  Assessment stated that I had a need for those listed below (see prior responses) but i was currently in classes for them with yourself and Chaplain Johnson Faith Based Anger. What needs does your class cover?
Psychology says unit team issue, Unit team stated its something that happened on the Psychology side.
Baltes in Education pulls a roster every month to call people down that has not completed the survey. She has confirmed via monthly rosters that I was never on any of them and had completed the survey right after arriving at the institution. Those 115 days should have never gone into disallowed. If they were not disallowed I should have left last month.
How does this get fixed?
-----Low Psychology  on 9/8/2025 12:57 PM wrote:

>

This is not something that Psychology has control over.  These type of issues are addressed by the CMC

_____
From: ~^! SMITH, ~^!DEREK DEWAYNE <07655579@inmatemessage.com>
Sent: Monday, September 8, 2025 3:28 PM
Subject: ***Request to Staff*** SMITH, DEREK, Reg# 07655579, FOR-W-A

To: Dr Boyles
Inmate Work Assignment: Education

TRULINCS 07655579 - SMITH, DEREK DEWAYNE - Unit: FOR-W-A

------------------------------------------------------------------------------------------------------

Dr Boyles

I just meet with case manager Okane and he told me that I have disallow on my program days due to missing assessment on: Anger/Hostility   Antisocial   Cognitions

This currently removed 115 program days from me and with those days correctly placed on me I would be going home now, so this is messing up my release date. I am have just completed Faith Based Anger Management with Chaplain Johnson and am currently enrolled in Anger Management with Brooks-Smith.

Okane stated that I didnt completed the surveys until August 7 and that cannot be true because I just completed FSA Faith Based Anger Management.

Please advise. I feel this will take weeks to correct and if correct I would currently have already suppose to have been release to half way house.

## TRULINCS 07655579 - SMITH, DEREK DEWAYNE - Unit: FOR-W-A

---------------------------------------------------------------------------------------------------------------

FROM: Associate Warden
TO: 07655579
SUBJECT: RE:***Inmate to Staff Message***
DATE: 09/22/2025 07:57:02 AM

Good morning,

It appears you are using the Administrative Remedy program for this concern. Please see the written response once it has been completed.

Thank you.

---

From: ~^! SMITH, ~^!DEREK DEWAYNE <07655579@inmatemessage.com>
Sent: Saturday, September 20, 2025 12:24 PM
Subject: ***Request to Staff*** SMITH, DEREK, Reg# 07655579, FOR-W-A

To: Hellaire/Warden Humphrey
Inmate Work Assignment: Education

9/19/2025 at approx 12pm a BP-9 was given to Counselor Mallard who gave to UM Walton to turn in, regarding this matter.
-----SMITH, DEREK DEWAYNE on 9/19/2025 9:51 AM wrote:

>

AW Hellaire,
    Yesterday 9/15/25 @ aprrox 11:10am I spoke with Warden Humphrey and Capt Scarborough at mainline and they stated the surveys shoudla have never been reset from my 2021 completion date, although I am back on violation they are to be completed 1 time only. This problem has caused 115 disallow days if these days were reinstated and my FTC's expected to earn I should have left last month. This problem happened on my 2nd assessment on 8/7/25. I will attach this email and all supporting documentation to my BP-9 as I have already filed an 8 that hasnt been responded to, I was told to do this (proceed to 9) by the warden so it can be corrected. After seeing them while walking around in front of psychology I saw Ms. Huskey and she stated she and Dr Boyles are aware of the issue and stated "Yes the surveys should have been done 1 time, even if back on violation; they dont change".
-----SMITH, DEREK DEWAYNE on 9/18/2025 10:04 AM wrote:

>

Brooks-Smith,
    I know Ms. Baltes is trying to reach you, as she spoke to Ramsey and told him if they are completed now more days will be disallowed. How a oversight or computer glitch or reset has happened idc at this point, the only way to fix this is if the surveys are entered in the computer as 4/14/25; Ms. Baltes says this can be entered as such. Old emails you have with Peterson when I arrived about needs, surveys and such were discussed and this was never a problem.
She handles putting people on the call-out if they have not completed the survey to complete a paper copy and she stores them for 1 year, I was never on any list requiring them to be completed. I saw Dr Boyles outside yesterday of medical at approx 3pm and she said recompleting the surveys she does not think is the solution, she is placing me on the callout to look at the issue.
    Currently my transition to community date is 12/24/25, if the 115 disallow days were re-instated what would that date change to?
-----FOR Special Population Coordinator on 9/18/2025 7:27 AM wrote:

>
I am not sure if more days will be disallowed.

---

From: ~^! SMITH, ~^!DEREK DEWAYNE <07655579@inmatemessage.com>
Sent: Wednesday, September 17, 2025 2:14 PM
Subject: ***Request to Staff*** SMITH, DEREK, Reg# 07655579, FOR-W-A

To: Brooks-Smith
Inmate Work Assignment: Education

Brooks-Smith,

    Today I was called into CM Ramsey office with Mallard and was told that he received an email from region stating that my surveys were never completed and that I need to complete a manual survey, something due to the surveys in the computer never reset for people back on violation and that a paper copy is necessary. If you remember you spoke with Peterson when I first arrived here and this whole issue was discussed via email (between you and Peterson) and she stated back to you just to complete my needs again; this discussion occurred because you were trying to determine if I needed to take Anger Management again.

    If this manual survey is completed will that be the date it is put in for and will it disallow more days?
-----FOR Special Population Coordinator on 9/15/2025 3:12 PM wrote:

>

I've had no word on what could have possibly happened to cause this. I know Peterson is looking into this but I don't have an ETA of when it would be resolved.

From: ~^! SMITH, ~^!DEREK DEWAYNE <07655579@inmatemessage.com>
Sent: Monday, September 15, 2025 1:21 PM
Subject: ***Request to Staff*** SMITH, DEREK, Reg# 07655579, FOR-W-A

To: Brooks-Smith
Inmate Work Assignment: Education

Brooks-Smith,

    Does anyone seem to know what caused this issue for it going into disallow? I know youve mentioned computer glitch.
    The remedy process will take along time and I would have seen no benefit from the credits I have a right too. My family is reaching out to region/FSA task force and I feel like starting the remedy process, filing a 2241, filing a tort claim for the days and in the end it will just make for good writing.
-----FOR Special Population Coordinator on 9/15/2025 7:47 AM wrote:

>

It is my understanding that the FSA Coordinator is reviewing your information to determine the next steps. If all else fails, you have the remedy process.

From: ~^! SMITH, ~^!DEREK DEWAYNE <07655579@inmatemessage.com>
Sent: Friday, September 12, 2025 9:45 AM
Subject: ***Request to Staff*** SMITH, DEREK, Reg# 07655579, FOR-W-A

To: Brooks-Smith
Inmate Work Assignment: Education

Brooks-Smith,

    Below is my email to Peterson as I spoke with her yesterday on the walk at mainline. She mentioned something about pattern was probably never ran on my 1st team which cannot be the case as this being my 2nd assessment of being a low I started earning 15 days a month. If you notice on 7/7/25 at 252pm she discusses pattern in her reply.

    I did not have an August update on FSA Worksheet and that was a problem I extensively discussed with unit team. On 8/7/25 team sheet when I was teamed which is the same date credits went into disallow. Case manager Ramsey notes I need to signup for Anger Management to meet that need and at that time I was already in 2 Anger Managements 1 being yours and the faith based with Chaplain Johnson (was this not reviewed prior to being entered). When I got here I did everything I was suppose to and programming to meet the needs. I even reached out to you and you reached out to Peterson to make sure I was doing the right things; I was told to start over and meet my needs again and I did just that and have stayed busy.

    How does this get fixed and what caused the problem? I should have already been gone, if the math is done.

    My family is concerned and I know has already started reaching out. My friend Keri Blakinger who was with The Marshall Project now with ProPublica who writes about Criminal Justice/BOP issues, has spoken in the past about FSA issues and writing something about the problem. I wrote to her yesterday about all this.
-----SMITH, DEREK DEWAYNE on 9/11/2025 12:42 PM wrote:

>

Mrs. Peterson,

## TRULINCS 07655579 - SMITH, DEREK DEWAYNE - Unit: FOR-W-A

-------------------------------------------------------------------------------------------------

I have spoken to Okane a moment ago and confirmed Pattern was ran 4/14/25. I am reply to this email so the system doesnt cycle it out.

In my conversation with Brooks-Smith yesterday, I was reminded that there are prior emails she has with you regarding my needs due to them having been meet prior before coming back on violation. It was determined then through research that I needed to go ahead and take the classes again to meet my needs once everything was looked into.

I have just completed that 4 month Anger Management class.

Pattern had to be ran prior as I just completed my 2nd assessment being a low and currently earn 15 days a month.
-----SMITH, DEREK DEWAYNE on 8/4/2025 5:44 PM wrote:

>

I have checked the call out for tomorrow and was not on there today or scheduled for tomorrow for team.
-----SMITH, DEREK DEWAYNE on 7/9/2025 7:10 PM wrote:

>

Thank you so much for your response. I have been having difficulty getting those few answers. The team date answered the question of how frequently I start becoming teamed to being less than a year.
-----Low CMC on 7/9/2025 6:57 PM wrote:

>

Your next team date is scheduled for August 4, 2025.

_____
From: ~^! SMITH, ~^!DEREK DEWAYNE <07655579@inmatemessage.com>
Sent: Monday, July 7, 2025 11:43 PM
Subject: ***Request to Staff*** SMITH, DEREK, Reg# 07655579, FOR-W-A

To: Admin
Inmate Work Assignment: Education

One last question as I mentioned below. Should I be teamed this month as this month would be less than a year and should be being teamed more frequently; thus teamed every 3 months now going forward. This next team would be my 2nd consecutive assessment being low and should then starting to earn 5 additional days.
I guess my question is: Will I be teamed this month due to it being that mark of 1 yr or less now?
-----Low CMC on 7/7/2025 2:52 PM wrote:

>

As mentioned,

You have no supervision to follow, and the Unit Team will have to evaluate you for Home Confinement/RRC placement. They can review you for your Second Chance Act and you will only earn credits in RRC/HC section on your FSA Time Credit Assessment sheet. Those will be the credits the Unit Team will review with RRC placement and review you for SCA. Your time credit sheet is processed by the date of your arrival to the facility not how many times you have been team. Teams are for the pattern, and you are already R-Low. By the third and/or fourth round of FTC, you should earn 15 days a month. Again, your Unit Team will be the final deciding factor on your placement.

_____
From: ~^! SMITH, ~^!DEREK DEWAYNE <07655579@inmatemessage.com>
Sent: Monday, July 7, 2025 7:19 PM
Subject: ***Request to Staff*** SMITH, DEREK, Reg# 07655579, FOR-W-A

To: Admin
Inmate Work Assignment: Education

CSW Danaher is retired. Please confirm: Although I do not have supervision to follow my current release I am still FTC eligible and can earn credits, those credits though can only be applied to RRC/Halfway house.
I was teamed back in May but at that time was not less than a year but am now and according to program statement, when I have become less than a year I am to be teamed more frequently (Every 3 months). Now here's my question: Should I be teamed now here at the year mark and every 3 months going forward or will it be from that May team then being teamed again

## TRULINCS 07655579 - SMITH, DEREK DEWAYNE - Unit: FOR-W-A

------------------------------------------------------------------------------------------------

around October?

When that next team happens will my release type change from GTC to FSA release?

Also since I am low pattern and have remained low I should earn 15 days instead of 10. Now I don't understand what impact that will have on the March 2026 conditional release date and that is before any SCA months. Theoretically if I was to be teamed this month because this is my year less date if I was looking at full term; then the earning scale of 10 days change to 15 that would then place that conditional release date to around January and any SCA given would put me just within months out the door to the halfway house.

Am I correct in the way I am suppose to be teamed being this month as well as not being able to apply ftc credits to early release but to RRC? Stacking FSA credit earned with any SCA (saying 2-3 months for SCA) that would put me in the halfway house around Sept/Oct?

-----Low CMC on 7/3/2025 12:07 PM wrote:

>

You are assigned to WA, CSW Danaher and UM Walton. If you have direct concerns, please see the Unit Manager.

However, after review of your FSA Time Credit Assessment. Your release date will not change because you do not have a term of supervision to follow. Per policy 5410.01, FSA credits are earned when an inmate has supervision to follow. It appears you have previously released on First Step Act release with supervision August 12, 2022, and you reentered the Bureau of Prisons on March 18, 2025, with no supervision. So, you will not earn FSA credit towards early release.

_____
From: ~^! SMITH, ~^!DEREK DEWAYNE <07655579@inmatemessage.com>
Sent: Thursday, July 3, 2025 2:32 PM
Subject: ***Request to Staff*** SMITH, DEREK, Reg# 07655579, FOR-W-A

To: Admin
Inmate Work Assignment: Education

I have been trying to find out who my case manager is and get an answer to the question below. As I have a low pattern score and FSA/FTC eligible but currently my computation sheet states GTC release but that should change on my second assessment which I would think would be this month as I fall less than a year and should be being teamed more frequently. Should release type change from GTC to FSA release on my second assessment as I have only been teamed 1 time due to having a short sentence for supervised release violation with no supervision upon release.
I never received my conditional release date during my last review with Danaher, whom is now retired.
-----SMITH, DEREK DEWAYNE on 6/26/2025 12:46 PM wrote:

>

Please see email below that was CMC
-----SMITH, DEREK DEWAYNE on 6/23/2025 1:35 PM wrote:

>

I currently do not have a case manager and would like to know my conditional release date as I was never provided that sheet in my last team.
In July I will be 1 year less and I should be teamed around that time and then every 90 days thus being teamed around then I should be changed from GTR to FSA release as that will be my 2nd assessment. I am currently on a violation serving a short sentence.