IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

| | | |
|---|---|---|
| DEREK DEWAYNE SMITH<br>Reg. No. 07655-579 | )<br>)<br>) | |
| v. | ) | No. 2:25-CV-00191-BSM-PSH |
| | ) | |
| C. HUMPHREY, WARDEN<br>FCI-FORREST CITY | )<br>) | |

### RESPONSE TO DEREK DEWAYNE SMITH'S PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

Comes now C. Humphrey, by and through Jonathan D. Ross, United States Attorney for the Eastern District of Arkansas, and Leslie Bright, Assistant United States Attorney for said district, and for the response to Derek Dewayne Smith's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, states that this Court should dismiss or deny the petition.

**I.     Factual Background**

Smith is a 39-year-old federal inmate, currently incarcerated at FCI Forrest City-Low. He pleaded in the United States District Court for the Southern District of Texas to aiding and abetting possession of stolen mail, in violation of 18 U.S.C. §§ 1708 and 2. *United States v. Smith*, No. 4:20CR00050. *Exhibit 1, Docket; Exhibit 2, Judgment*. On July 27, 2021, he was sentenced to 42 months of imprisonment and three years of supervised release. *Ex. 1; Ex. 2*. He did not appeal his conviction or sentence.

Smith admitted that in 2023, he violated five of his supervised release conditions and on February 28, 2025, he was sentenced to 24 months of imprisonment with no supervised release to follow. *Exhibit 3, Revocation Judgment*. Smith appealed from his revocation judgment, and his appeal is pending. Fifth Circuit Case Number 25-20058.

1

Smith filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on September 26, 2025. (Doc. 1). He argues he is entitled to application of FSA credits to prerelease custody. *Id*.

## II. Law and Argument

### A. Smith has not exhausted his administrative remedies.

#### 1. The Bureau's Administrative Remedy Program

The BOP's Administrative Remedy Program is an internal formal three-step grievance procedure by which inmates may seek formal review of any aspect of their confinement. *Exhibit 4, Declaration of Joshua Sutton*. Prior to beginning the formal appeal process, inmates shall first present an issue of concern informally to staff, and staff shall attempt to informally resolve ("BP-8") the issue before an inmate submits a Request for Administrative Remedy pursuant to 28 C.F.R. § 542.13(a). The initial step of the formal Administrative Remedy process is for an inmate to submit a written Administrative Remedy Request form ("BP-9") to the Warden's Office within 20 calendar days following the date on which the basis for the request occurred. See 28 C.F.R. § 542.14(a). If an inmate is not satisfied with the Warden's response, he or she may submit an appeal on the appropriate form ("BP-10") to the Regional Director within 20 calendar days of the date the Warden signed the response. 28 C.F.R. § 542.15(a). Appeal to the Office of General Counsel via a Central Office Administrative Remedy Appeal form ("BP-11") is the final step in the administrative appeal process and must occur within 30 days of the date the Regional Director signed the response. 28 C.F.R. § 542.15(a). Inmates who demonstrate a valid reason for delay may have time limits extended. 28 C.F.R. § 542.15(a). Appeals must specifically state the reason for the appeal. 28 C.F.R. § 542.15(b)(l).

In certain situations, including appeals for Disciplinary Hearing Officers or allegations made pursuant to the Prison Rape Elimination Act, inmates may not be required to utilize the informal grievance process or to begin their appeals with a BP-9. See 28 C.F.R. § 542.14(d); 28 C.F.R. § 115.52(e).

A remedy is deemed to be exhausted once it has been properly presented at all four levels (Informal, Warden, Region, and Central Office) of the administrative remedy process and a response has been issued, or the time for a response to be issued has expired. *Ex. 4, ¶ 7*.

Upon receipt of a formal inmate request or appeal as part of the administrative remedy process, a BOP employee acting as an Administrative Remedy Clerk stamps the form with the date it was received, logs the form into SENTRY, and writes a "Remedy ID" number, as assigned by SENTRY, on the form. *Ex. 4, ¶ 8*. All submissions received by the Administrative Remedy Clerk, whether accepted or rejected, are entered into SENTRY. *Ex. 4, ¶ 7, Attachment 3, BOP Program Statement 1330.18, ¶ 13(a)*.

Each level of administrative remedy maintains the same administrative remedy identification number and is assigned a suffix, in SENTRY, according to the level of the submission. *Ex. 4, ¶ 9*. BP-9s are assigned "F", BP-10s "R", and BP-11s "A". *Ex. 4, ¶ 9*. A submission assigned the suffix "F1" would represent the first time the BP-9 was filed. *Ex. 4, ¶ 9*. However, if the BP-9 was rejected and refiled, the refiled BP-9 would receive the suffix of "F2". *Ex. 4, ¶ 9*. Any submission from an inmate, whether accepted or rejected at any level, is permanently recorded in SENTRY. *Ex. 4, ¶ 9*.

### 2.  The Court should dismiss Smith's petition for failure to exhaust administrative remedies.

A federal prisoner wishing to challenge an action of the BOP must ordinarily exhaust administrative remedies before seeking extraordinary relief in a § 2241 petition. *Mathena v. United*

3

*States*, 577 F.3d 943, 946 (8th Cir. 2009) ("A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP."); *United States v. Chappel*, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam); *Willis v. Ciccone*, 506 F.2d 1011, 1015 (8th Cir. 1974) ("[I]f grievance procedures provide an adequate means for impartial review, then a federal prisoner must exhaust available administrative remedies within the correctional system prior to seeking extraordinary relief in federal court."). However, "the exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional." *Lueth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007). Because exhaustion is not jurisdictional, courts may create exceptions to the exhaustion requirement. *Frango v. Gonzales*, 437 F.3d 726, 728-29 (8th Cir. 2006). Habeas petitioners can be excused from exhausting administrative remedies if they can show that proceeding through the remedy process would be futile and would serve no useful purpose. *Elwood v. Jeter*, 386 F.3d 842, 844 n.1 (8th Cir. 2004). Here, the petitioner has made no such showing.

In determining whether a prisoner should be required to exhaust administrative remedies, courts exercise their discretion by "balanc[ing] the interests of the individual in retaining prompt access to a federal forum against countervailing institutional interests favoring exhaustion." *McCarthy v. Madigan*, 503 U.S. 140, 146 (1992). Exhaustion protects administrative agency authority and promotes judicial economy. *Id.* at 144-45.

As of October 30, 2025, Smith has filed 20 administrative remedies with the Bureau of Prisons during his period of incarceration. *Ex. 4, ¶ 10, Attachment 4, Administrative Remedy Generalized Retrieval*. Within the last three years, Smith has only filed one administrative remedy. *Id*. Smith failed to exhaust any pertinent administrative remedies. *Id*.

4

On September 19, 2025, the Warden's Office at Forrest City Low received BP-9 1254996-F1. *Ex. 4, ¶ 10, Attachment 4* at 11. Smith's filing requested prerelease placement. *Id.* As of October 30, 2025, the Warden's Office has failed to respond to inmate Smith's BP-9. *Ex. 4, ¶ 10.* The Warden's Office failure allows Smith to file a BP-10 with the South Central Regional Office. *Ex. 4, ¶ 10.*

Smith failed to exhaust administrative remedy 1254996. *Ex. 4, ¶ 11.* Smith failed to file a BP-10 and BP-11. *Id.* Smith has failed to follow the administrative remedy process to its conclusion. *Id.* The Administrative Remedy Program functions to give the BOP the opportunity to review the record and correct any errors that may be found but also to educate inmates on proper policy and implementation. *Id.* Exhaustion must be required for questions surrounding the application of FSA time credits so as to curtail suits such as the present one brought with inaccurate interpretations of the statute and BOP policy. *Id.*

Because Smith has not followed the administrative-remedy process, he has failed to exhaust his administrative remedies as to the claims raised in the petition. Accordingly, his petition should "be dismissed because he failed to exhaust his administrative remedies within the Bureau of Prisons." *Mathena*, 577 F.3d at 946. He may seek judicial review once his administrative remedies are exhausted. *See United States v. Pardue*, 363 F. 695, 699 (8th Cir. 2004).

    **B.**    **Smith is not entitled to relief.**

        **1.**    **The Court lacks jurisdiction as to Smith's claim.**

Smith seeks application of FSA credits toward prerelease custody or supervised release pursuant to 18 U.S.C. § 3632(d)(4)(C).

"It is clear, not only from the language of [the statute], but also from the common-law history of the writ, that the essence of habeas corpus is an attack by a person in custody upon the

5

legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "When a prisoner is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over his claims." *Johnson v. Birkholz*, No. 21-CV-2017 (PJS/LIB), 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022) (citing *Spencer v. Haynes*, 774 F.3d 467, 469–71 (8th Cir. 2014) (concluding that habeas jurisdiction was lacking because "Spencer does not challenge his conviction, nor does he seek a remedy that would result in an earlier release from prison")). If a petitioner challenges neither the fact or the duration of confinement, habeas is not the proper remedy, and the court lacks jurisdiction over the matter. *Id.* Smith is seeking to have his FSA time credits apply toward pre-release custody, which would not shorten fact or duration of his custody.

The BOP "may transfer the prisoner to begin any such term of supervised release at an earlier date, not to exceed 12 months, based on the application of time credits under section 3632." 18 U.S.C. § 3624(g)(3). The BOP has authority to designate the place of imprisonment, and such designations are statutorily exempted from judicial review. 18 U.S.C. § 3621(a)–(b). A sentenced defendant "shall be committed to the custody of the Bureau of Prisons," 18 U.S.C. §3621(a), which "shall designate the place of the prisoner's imprisonment" and "may designate any available penal or correctional facility" that "the Bureau determines to be appropriate and suitable." 18 U.S.C. § 3621(b). Section 3621(b) bars judicial review of the BOP's designation decision, stating that "[n]otwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C. § 3621(b). RRC placement is a place of imprisonment. *See Miller v. Whitehead*, 527 F.3d 752, 755 n.3 (8th Cir. 2008) (recognizing that it had previously assumed that residential reentry centers, or "halfway houses" are "places of confinement" under Section 3621(b)). "And Congress has precluded judicial review through either

the Administrative Procedure Act or other methods of inmate designations. 18 U.S.C. §§ 3621(b), 3625." *Jorgensen* v. *Birkholz*, No. 20-CV-2349 (NEB/DTS), 2021 WL 2935641, at *2 (D. Minn. July 13, 2021).

Here, Smith is not challenging the length of his confinement and instead seeks the application of additional credits to earn placement in a RRC at an earlier date. As a result, this Court lacks jurisdiction to review any of the Smith's claims.

Further, Smith's claims do not implicate a constitutional violation. Inmates do not possess a liberty interest in where they are imprisoned. *Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976); "[P]risoners generally have no constitutionally protected liberty interest in their placement and classification while incarcerated." *Cupples v. Atkins*, No. 423CV04109SOHCDC, 2023 WL 9509043, at *4 (W.D. Ark. Dec. 18, 2023), *report and recommendation adopted*, No. 4:23-CV-04109, 2024 WL 410236 (W.D. Ark. Feb. 2, 2024).

### 2. The BOP has correctly calculated Smith's credits.

Since April 14, 2025, Smith has successfully participated in a total of 80 programming days. *Exhibit 5, FSA Time Credit Information; Attachment 3, FSA Time Credit Assessment*. Smith has earned, as of October 26, 2025, a total of 30 time credits. *Id*.

Between April 14, 2025, and August 7, 2025, Smith unsuccessfully participated in EBRR Programs or PAs. *Id*. During this period, Smith failed to complete required needs assessments, Antisocial Peers and Cognitions. *Id*. Between August 7, 2025, and August 10, 2025, Smith successfully participated in EBRR Programs or PAs. *Id*. During this period, Smith earned 10 time credits for every 30 day period. *Id*. Smith did not earn any credits during this period. *Id*. Between August 10, 2025, and November 6, 2025, Smith successfully participated in EBRR Programs or

PAs. *Id*. During this period, Smith earned 15 time credits for every 30 day period. *Id*. Smith earned 45 credits during this period. *Id*.

Prior to Smith utilizing his time credits, he must be eligible to apply them. *See* 18 U.S.C. § 3624(g)(1). Smith's sentence has been computed. 18 U.S.C. § 3624 (g)(1)(C). Smith has the required recidivism rate. 18 U.S.C. § 3624 (g)(1)(B). Smith, however, has not earned an amount of time credits equal to the remainder of his imposed term of imprisonment. 18 U.S.C. § 3624 (g)(1)(A). Smith's statutory release date is July 7, 2026. *Ex. 5, Attachment 2 at 3*. From November 24, 2025, Smith has approximately 225 days left in his term of imprisonment; however, as set forth above, he's only earned 45 time credits.

If Smith was eligible to apply his time credits, time credits would be applied towards placement in prerelease custody. *Ex. 5, Attachment 3*. Smith does not have a period of supervised release to follow his release from BOP custody and thus cannot apply time credits towards placement in supervised release. *Ex. 5, Attachment 2 at 2*.

To help inmates with prerelease planning, the BOP includes projected release dates on the FSA Time Credit Assessment, which includes the application of both First Step Act Earned Time Credits and also the Second Chance Act. *Ex. 5, Attachment 3 at 2*. These dates incorporate the individual's best-case scenario; however, this projected scenario is subject to change. *Id*. These dates should only be used to project what may happen in the future.

For Smith, should he continue in an earning status and not lose already earned time credits, it is projected that Smith would be placed in prerelease custody, pursuant to the First Step Act on April 8, 2026. *Ex. 5, Attachment 3 at 2*. As noted earlier, these dates should only be used to project what may happen and not what will. *Id.*

8

The BOP is correctly applying the First Step Act to Smith's sentence. The Court should deny his petition.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that Smith's petition be dismissed or denied.

        Respectfully submitted,

        JONATHAN D. ROSS
        United States Attorney

By: LESLIE BRIGHT
    Bar No. 2005077
    Assistant U.S. Attorney
    P.O. Box 1229
    Little Rock, AR 72203
    (501) 340-2600
    leslie.bright@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system. I also sent a copy of the foregoing by first-class mail to:

Derek Dewayne Smith
Reg. No. 07655-579
FCC Forrest City—Low
Federal Correctional Institution
P.O. Box 9000
Forrest City, AR 72336

                                              JONATHAN D. ROSS
                                              United States Attorney

                                                  Leslie Bright
                                                  Bar No. 2005077
                                                  Assistant U.S. Attorney
                                                  425 West Capitol Ave., Suite 500
                                                  Little Rock, AR 72201
                                                  (501) 340-2600
                                                  Leslie.Bright@usdoj.gov