**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**DEREK DEWAYNE SMITH**                                              **PETITIONER**

**v.**                          **NO. 2:25-cv-00191-BSM-PSH**

**WARDEN HUMPHREY**                                              **RESPONDENT**

ORDER

In February of 2025, petitioner Derek Dewayne Smith ("Smith") was sentenced to the custody of the Federal Bureau of Prisons ("BOP") for a term of twenty-four months. No supervised release was ordered to follow. He eventually came to be housed at a BOP facility in Forrest City, Arkansas, the warden of which is respondent Humphrey ("Humphrey").

In September of 2025, Smith began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In the petition, he alleged that the BOP has "wrongfully disallowed" his First Step Act ("FSA") time credits. See Docket Entry 1 at CM/ECF 1. He asked that the BOP be ordered to re-calculate his FSA time credits, immediately transfer him to prerelease custody, and pay him damages for his unlawful detention.

At the direction of the Court, Humphrey has now filed a supplemental response in which he addressed Smith's current facility assignment. In the submission, Humphrey represented the following:

> Smith was transferred to the supervision of the Residential Reentry Management (RRM) Office in Houston (which operates under the oversight of RRM San Antonio) on January 5, 2026, for placement in prerelease custody. *Exhibit 1, Declaration of Stephen Coggins.* Smith is currently placed in a Residential Reentry Center (RRC), or halfway house, in Houston, Texas. *Id.* It is currently anticipated that Smith will continue in prerelease custody, either with an RRC or in home confinement until July 7, 2026, when he is projected to be released from federal custody. *Id.*
>
> Because Smith received the relief requested in his petition—placement in prerelease custody—his petition is moot. *See Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008). The Court should dismiss his petition on that basis or on the bases set forth in Respondent's Response. (Doc. 25).

See Docket Entry 32 at CM/ECF 1-2.

Given the representations contained in Humphrey's supplemental response, it is difficult to see how this case is not moot. Smith has obtained the primary relief he requested, i.e., a transfer to prerelease custody. Although he also seeks damages for his unlawful detention, they are not available in a case pursuant to 28 U.S.C. 2241. See Peluso v. Outlaw, No. 2:08-cv-00177-BSM, 2009 WL 856687 (E.D. Ark. Mar. 30, 2009).

Before making a definite determination, though, the Court accords Smith an opportunity to show cause why this case is not moot and should not be dismissed for that reason. Because time is of the essence, he is given up to, and including, March 18, 2026, to show cause why this case is not moot and should not be dismissed for that reason.

IT IS SO ORDERED this 3rd day of March, 2026.

_____
UNITED STATES MAGISTRATE JUDGE