# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

DEREK DEWAYNE SMITH                                                      PETITIONER

v.                          NO. 2:25-cv-00191-BSM-PSH

WARDEN HUMPHREY                                                       RESPONDENT

## FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

DISPOSITION

Petitioner Derek Dewayne Smith ("Smith") began this case by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. It is recommended that the petition be dismissed because it is now moot.

In July of 2021, Smith was sentenced in United States v. Smith, 4:20-cr-00050-001-DH (S.D. Texas), to a term of imprisonment and three years of supervised release. See Docket Entry 25, Exhibit 2 at CM/ECF 2-3. In February of 2025, or after he was released from the custody imposed in 4:20-cr-00050-001-DH, he admitted to violating the conditions of his supervised release. See Docket Entry 25, Exhibit 3 at CM/ECF 1. He was then sentenced to the custody of the Federal Bureau of Prisons ("BOP") for a term of twenty-four months. See Docket Entry 25, Exhibit 3 at CM/ECF 1-2. No supervised release was ordered to follow. See Docket Entry 25, Exhibit 1 at CM/ECF 10-11. He came to be housed at a BOP facility in Arkansas, the warden of which is respondent Humphrey ("Humphrey").

In September of 2025, Smith began this case by filing the petition at bar. In the petition, he alleged that the BOP has "wrongfully disallowed" his First Step Act ("FSA") time credits, thereby "unlawfully extending [his] incarceration." See Docket Entry 1 at CM/ECF 1. He asked that the BOP be

2

ordered to re-calculate his FSA time credits, giving him credit for 115 days improperly disallowed; immediately transfer him to prerelease custody; and award him compensatory and punitive damages for his "unlawful over-incarceration." See Docket Entry 1 at CM/ECF 3.

Humphrey filed a response to the petition. He maintained that the petition should be dismissed because Smith failed to exhaust his administrative remedies. Alternatively, Humphrey maintained that Smith was entitled to no relief because the federal courts lack jurisdiction, and the BOP has correctly calculated Smith's FSA time credits.

Smith thereafter filed several pleadings in reply. In the submissions, he opposed the positions advocated by Humphrey.

The undersigned then began reviewing the record in this case. As a part of doing so, the undersigned took the liberty of examining the publicly available information on the BOP website. It appeared to indicate that Smith was no longer in Humphrey's custody but was instead under the supervision of the RRM ("Residential Reentry Management") San Antonio field office for placement in prerelease custody. See https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results> Were that indeed the case, it was likely that he was in, or would soon be placed in, prerelease custody.

3

The undersigned solicited a supplemental response from Humphrey, directing him to confirm Smith's current facility assignment. Humphrey filed a supplemental response and supporting affidavit from a BOP official. In the response, Humphrey represented the following:

> Smith was transferred to the supervision of the Residential Reentry Management (RRM) Office in Houston (which operates under the oversight of RRM San Antonio) on January 5, 2026, for placement in prerelease custody. *Exhibit 1, Declaration of Stephen Coggins*. Smith is currently placed in a Residential Reentry Center (RRC), or halfway house, in Houston, Texas. *Id*. It is currently anticipated that Smith will continue in prerelease custody, either with an RRC or in home confinement until July 7, 2026, when he is projected to be released from federal custody. *Id*.
>
> Because Smith received the relief requested in his petition—placement in prerelease custody—his petition is moot. *See Miller v. Whitehead*, 527 F.3d 752, 756 (8th Cir. 2008). The Court should dismiss his petition on that basis or on the bases set forth in Respondent's Response. (Doc. 25).

See Docket Entry 32 at CM/ECF 1-2.

Smith was then given an opportunity to explain why this case is not moot and should not be dismissed for that reason. The order to show cause was mailed to him at the last address he provided to the Clerk of the Court, i.e., Post Office Box 9000, Forrest City, Arkansas, but the mailing was returned undeliverable. See Docket Entry 34.

4

Given the representations contained in Humphrey's supplemental response, this case is now moot. Smith has obtained the primary relief he requested, i.e., a transfer to prerelease custody. See Miller v. Whitehead, 527 F.3d 752 (8th Cir. 2008) (case mooted when relief sought is granted). Although he also seeks compensatory and punitive damages for his "unlawful over-incarceration," they are not available in a case filed pursuant to 28 U.S.C. 2241. See Peluso v. Outlaw, No. 2:08-cv-00177-BSM, 2009 WL 856687 (E.D. Ark. Mar. 30, 2009) (damages not appropriate remedy under 2241).

Accordingly, the undersigned recommends that this case be dismissed. It is now moot.[1]

DATED this 23rd day of March, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Local Rule 5.5(c)(2) provides, in part, that a pro se litigant shall promptly notify the Clerk of the Court and the other parties of any change in the litigant's address. Although not a reason for recommending the dismissal of this case, the undersigned notes that Smith failed to comply with Rule 5.5(c)(2) after having been notified of his obligation to do so. See Docket Entry 9.